COLLINS, Appellant, vs. PRESS PUBLISHING COMPANY, Respondent.

*January 11—April 11, 1933.*

For the appellant there was a brief by *Lockney & Lowry* of Waukesha, and oral argument by *J. K. Lowry* and *Henry Lockney.*

For the respondent there was a brief by *Bowler & Bowler* of Sheboygan and *Jacobson & Malone* of Waukesha, and oral argument by *Marcus A. Jacobson* and *George R. Currie* of Sheboygan.

On rehearing a brief for the appellant was filed by *William B. Collins* of Sheboygan.

The following opinion was filed February 7, 1933:

ROSENBERRY, C. J. It was said upon the argument, and the statement was fully warranted, that the questions of law involved were comparatively simple but that difficulty arose upon the application of legal principles to rather complicated and complex facts disclosed by the pleadings and the evidence.

The amended complaint with exhibits and the answer of the defendant with exhibits occupy over eighty pages of the printed case. To set these out *in extenso* would consume an amount of space which could not be justified by the importance of the questions raised. To state the substance of the pleadings and the articles and to comment upon the contentions made would also unduly extend this opinion. All of the questions raised in briefs of counsel have had our careful consideration and we are of the view that the interests of the parties and the public can be best served by setting out here the opinion of the trial court on motions after verdict. We fully concur in the conclusions reached by the court. In a very brief and accurate statement of the case the trial court said:

"The testimony in this case, from a careful examination, discloses the fact that the plaintiff, in securing the litigation with reference to the tax question, his attendance at certain meetings pertaining to his retainer, the filing of the claims

for services under the terms of his contingent-fee contract, and bringing an action to collect the same, invited criticism, and the question here to be determined is whether or not the articles published by the defendant were a fair criticism of his conduct as a lawyer and a public official in the handling of the litigation which he secured, the filing of the claims, and the bringing of an action against the city of Sheboygan.

"It is a well established rule in this state that public officials, or persons acting in the position of a public official, such as the plaintiff was in this case, are subject to quite caustic and severe criticism in handling public matters, and in this case the plaintiff had charge of litigation that was of deep interest to the public, and it is undisputed that the public, both in the city of Sheboygan and the county of Sheboygan, was much interested and there was considerable discussion and agitation with reference to the merits of the litigation and the claims which the plaintiff filed for services and the action brought against the city for services. Keeping this in mind, and after having examined the testimony carefully, and especially that part which can be construed as applying to the plaintiff and eliminating all of that part which applied to the common council and eliminating further the humorous, meaningless statements, I must find that the articles complained of by the plaintiff were no more than a fair criticism of what transpired during the litigation between Sheboygan county and the city of Sheboygan and the several courts that the matter was presented to."

This conclusion results in an affirmance of the judgment appealed from.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on April 11, 1933.